UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:23-cv-61000-KMW

HOWARD COHAN,

     Plaintiff,

vs.

TANJALI, LLC, a Florida Limited
Liability Company d/b/a COMFORT
SUITES FORT LAUDERDALE
AIRPORT SOUTH & CRUISE PORT,

     Defendant.

_____/

## CONSENT DECREE

IT IS HEREBY stipulated and agreed by and between Plaintiff, HOWARD COHAN (hereinafter referred to as "Plaintiff"), and Defendant, TANJALI, LLC, a Florida Limited Liability Company d/b/a COMFORT SUITES FORT LAUDERDALE AIRPORT SOUTH & CRUISE PORT, together with its agents, employees, attorneys, predecessors, successors, parent and subsidiary entities, insurers, affiliates, lessees, and assigns (hereinafter collectively referred to as "Defendant"), as follows[1]:

**WHEREAS**, Plaintiff filed the above styled action against Defendant for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12182, et seq. ("ADA"), pursuant to which Plaintiff seeks injunctive relief and attorneys' and expert's fees, expenses and costs;

**WHEREAS**, the Parties have agreed to a settlement of the above-styled action as more particularly set forth in this Consent Decree; and the Parties desire to avoid further expense, time, effort and uncertainty in regard to the above-styled action;

---

[1] Plaintiff and Defendant may hereinafter be referred to collectively as the "Parties".

**NOW, THEREFORE,** in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the following terms and conditions as full and complete settlement of the above-styled action:

1. **Modifications.**

Defendant shall make, to the extent that they have not been made to date, the modifications to the subject property, which is located at 191 S.W. 19th Court, Dania, Florida 33004 ("the Property") set forth on Exhibit "A" hereto (the "Modifications").

To the extent that this Consent Decree references specific ADAAG code sections, these references are solely for guidance where readily achievable. The Parties agree that upon completion of the Modifications above all currently readily achievable alterations to the Property will have been made and that the Property at the time of execution of this Consent Decree is otherwise in compliance with the readily achievable requirements of the ADA, ADAAG and FACBC.

2. **Completion.** All alterations, modifications, and policies required by this Consent Decree shall be completed within one (1) year of the parties executing this Consent Decree. If the Modifications are not timely completed due to acts of God, third parties, or reasons beyond the control of Defendant, then the Defendant shall be allowed additional time in which to complete the Modifications and shall not be deemed to be in violation of the completion date. If there is a need for additional time, Defendant's counsel must provide written notice to Plaintiff's counsel of the delay, the reasons for the delay, and the anticipated date of completion, and make a good-faith effort to effect implementation as soon as reasonably possible thereafter.

After the one (1) year timeframe provided for Defendant to complete the Modifications, Plaintiff, Plaintiff's counsel, expert(s), and/or representatives shall be provided access to the public areas of the Property to verify completion of the Modifications by providing written notice no less than five (5) business days prior to the date when such individual(s) plan on accessing the Property ("Plaintiff's Inspection").  If Plaintiff, Plaintiff's counsel, and/or Plaintiff's representative(s) claim that any Modifications have not been performed, they shall provide Defendant and or Defendant's counsel with written notice of the Modification(s) that Plaintiff, Plaintiff's counsel, and/or Plaintiff's representative(s) claim have not been completed ("Notice").  Within twenty (20) days of the date of the receipt of the Notice, the Parties will engage in good faith discussions regarding Plaintiff's claim set forth in the Notice. Within said twenty (20) day period, the Parties will either (i) agree on an extension of time for Defendant to complete any necessary or required modifications as set forth in the Notice or otherwise, such an extension not to be for less than thirty (30) days from the date of Defendant's counsel's receipt of the Notice, (ii) agree that no additional modifications are necessary or required, or (iii) disagree on matters set forth in the Notice. If the Parties disagree on the matters set forth in the Notice within the twenty (20) days set forth above, they will settle the dispute by seeking appropriate legal and/or injunctive relief, and the prevailing party will be entitled to an award of its reasonable attorney's fees and costs.

3.      **Release.**   In exchange for the good and valuable consideration set forth herein the sufficiency of which is hereby acknowledged, the parties hereto mutually release each other, or through their corporate capacity, agents, employees, family members, partners, successors, assigns, and heirs, along with anyone claiming by or through them, jointly and severally (collectively the "Releasing Parties") hereby release, acquit, satisfy and discharge the other, to the extent and exclusively as to the subject facility only and along with any and all of their

predecessors, agents, employees, assigns, heirs, officers, directors, shareholders, members, affiliated entities, and any entity or person related to them, jointly and severally, (hereinafter the "Released Parties") from any and all claims, demands, liabilities, debts, judgments, damages, expenses, actions, causes of action or suits of any kind which the Releasing Parties may have, may have had, or may hereafter raise against the Released Parties with respect to the Property and this subject litigation arising under Title III of the ADA including all claims by the Releasing Parties for attorneys' fees and costs, expert fees, litigation expenses, or any other amount, fee, and/or cost, with the exception of the attorneys' fees and costs required to be paid by the Defendant pursuant to paragraph 5 of this Consent Decree.

4.      **References.**  All references to the ADAAG shall be to "Appendix A" to 28 C.F.R. part 36 (the "ADAAG").  For any Modification agreed to herein, the Parties acknowledge that a particular architectural element's compliance with the standards set forth in ICC/ANSI A117.1-1998 or the U.S. Access Board's 2004 ADAAG Final Rule, will constitute an acceptable equivalent facilitation to the corresponding ADAAG standards otherwise required by this Consent Decree. Completion of the Modifications pursuant to the ADAAG or the U.S. Access Board's 2004 ADAM Final Rule shall be considered full compliance with the ADA. All dimensions of applicable Modifications are also subject to conventional building industry tolerances for field conditions. It is agreed by the Parties that once all the modifications set forth herein are made by Defendant, the Property shall be fully compliant with the ADA, pursuant to the readily achievable standard.

5.      **Attorneys' Fees, Costs, Expenses, and all other Amounts due by the Defendant.**  Defendant shall pay all of Plaintiff's reasonable attorney's fees, litigation expenses, and costs incurred in this matter, in an amount delineated in the Confidential Fee Agreement

executed by the Parties, which shall be paid within ten (10) days of execution of this Consent Decree, by draft payable to the Sconzo Law Office, P.A. ("Payment"). Plaintiff and his counsel agree that this payment constitutes all attorney's fees and costs to be recovered by Plaintiff in this action. If Defendant fails to make Payment timely, Plaintiff's counsel, after five (5) business days written notice to the Defendant's counsel by email, may move the court for an Order of Default granting a judgment in the amount still owed by Defendant, plus attorney's fees for the necessity of bringing the motion.

6. **Assignment.** Should Defendant assign its rights and obligations under this Consent Decree to any such Successor of the Property, and the Successor assumes such rights and obligations in writing, Plaintiff agrees that Defendant shall be released from any and all claims or causes of actions relating to obligations set forth in this Consent Decree, including but not limited to, any action taken to enforce the terms of this Consent Decree, except that payment of the Costs and Fees is to be made as set forth in paragraph five (5) above pursuant to the terms thereof unless the Successor agrees to assume said obligation(s).  If the Successor assumes the rights and obligations under this Consent Decree as set forth above, the Successor and only the Successor, may be sued to enforce the terms of this Consent Decree, and Defendant shall not be sued.

7. **Confidentiality.** The Parties warrant that all the provisions of the Confidential Fee Agreement will remain in strict confidence, except where disclosure is required by applicable law, court order or subpoena compelling disclosure.  The Parties agree to refrain from making any statements about the above styled action, the allegations contained therein, or the Confidential Fee Agreement.

8. **Invalidation.** If any provision of this Consent Decree is invalidated by a Court of competent jurisdiction, then all of the remaining provisions of this Consent Decree shall remain

in full force and effect, provided that the Parties may still effectively realize the complete benefit of the promises and considerations conferred hereby.

9. **Drafting.** The Parties acknowledge that Plaintiff and Defendant were able to draft, review and revise this Consent Decree and that the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed against any of the Parties in the interpretation of this Consent Decree.

10. **Entire Agreement.** This Consent Decree constitutes the entire agreement between the Parties hereto with respect to the matters set forth herein and supersedes in its entirety any and all agreements or communications, whether written or oral, previously made in connection with the matter herein. Any agreement to amend or modify the terms and conditions of this Consent Decree must be in writing and executed by the Parties hereto.

11. **Non-Admission of Liability.** Neither this Consent Decree nor anything contained herein shall constitute or is to be construed as an admission by Defendant, the Released Parties, or by any officials, contractors or agents of Defendant or the Released Parties of a violation of any federal, state or local statute, any state or municipal fire safety or building code, or as evidence of any other liability, wrongdoing, or unlawful conduct. The Parties acknowledge that this Consent Decree has been entered into by the Parties to avoid the costs and expenses of continued litigation and to settle disputed claims.

12. **Dismissal.** Within five (5) business days of the date this Consent Decree is fully executed, Plaintiff shall file a Joint Motion for Approval and Entry of this Consent Decree, and proposed Order approving the same. The Parties further agree that the Confidential Fee Agreements shall not be filed with the Court, except as necessary for enforcement purposes, or unless otherwise required by the Court.

13. **Governing Law.**  This Consent Decree shall be governed by and construed in accordance with the laws of the State of Florida and, where applicable, the ADA without regard to principles of conflicts of law and any suit arising as a result of a breach of this Consent Decree shall be filed either (i) in Brevard County Circuit Court or (ii) in the Federal Court for the United States, Middle District of Florida.

14. **Counterparts.**  The Parties agree that this Consent Decree and any and all other documents in connection with settlement of this matter may be executed in exact counterparts, each of which shall be deemed an original but all of which taken together shall constitute one and the same instrument. Any signature page delivered by facsimile transmission or e-mail shall be treated in all manner and respects as an original document.

[SIGNATURE PAGE TO FOLLOW]

IN WITNESS WHEREOF, the undersigned hereto execute this Consent Decree.

By: _____     Date: **06/19/2023**
     Gregory S. Sconzo, Esq.
     Florida Bar No.: 0105553
     Sconzo Law Office, P.A.
     3825 PGA Boulevard, Suite 207
     Palm Beach Gardens, FL 33410
     Phone: 561-729-0940 Fax: 561-491-9459
     Email: greg@sconzolawoffice.com
     *Counsel for Plaintiff, Howard Cohan*

By: _____     Date: 6/16/23
     HOWARD COHAN

By: _____ 6/19/23
     William G. Salim, Jr., Esq.
     Florida Bar No.: 750379
     William G. Salim, Jr., P.A.
     800 Corporate Drive, Suite 500
     Ft. Lauderdale, FL 33334
     Phone: 954-491-2000
     Email: wsalim@wgsjrlaw.com     INVESTMENTS
     *Counsel for Defendant TANJALI, LLC*

By: _____ 6/19/23
     TANJALI, LLC
INVESTMENTS a Florida Limited Liability Company
     d/b/a COMFORT SUITES FORT LAUDERDALE
     AIRPORT SOUTH & CRUISE PORT
     By: Amit Patel, Managing Member

Page **8** of **9**

**<u>EXHIBIT "A" TO CONSENT DECREE - MODIFICATIONS</u>**

**Within one (1) year of the date of this Consent Decree, and to the extent not already completed, the Defendant shall provide the following modifications:**

**Passenger Drop Off Area**

a. Provide a passenger loading zone with an access aisle marked with striping in compliance with 2010 ADAAG §§ 209, 209.1, 209.4, 503, 503.1, 503.3 and 503.3.3.

**Food Service Area**

b. Provide seating for a person(s) with a disability that has the correct clear floor space for forward approach in compliance with 2010 ADAAG §§ 902, 902.2, 305 and 306.

c. Provide a sufficient amount of seating when dining surfaces are provided for the consumption of food or drink for a person(s) with a disability in compliance with 2010 ADAAG §§ 226, 226.1, 305 and 306.

**Men's Restroom**

d. Provide toilet paper dispensers in the proper position in front of the water closet and at the correct height above the finished floor in compliance with 2010 ADAAG §§ 604, 604.7 and 309.4.

e. Provide grab bar(s) in compliance with 2010 ADAAG §§ 604, 604.5, 609, 609.4, 609.1 and 609.3. (side missing)

f. Provide grab bars of proper horizontal length or spacing as required along the rear wall in compliance with 2010 ADAAG §§ 604, 604.5, 604.5.1 and 604.6.2.

g. Provide sufficient clear floor space around a water closet without any obstructing elements in this space in compliance with 2010 ADAAG §§4.22.3, 603, 603.2.3, 604, 604.3 and 604.3.1 (trash can).

h. Provide proper knee clearance for a person with a disability under a counter or sink element in compliance with 2010 ADAAG §§ 306, 306.1, 306.3, 606 and 606.2.

i. Provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in compliance with 2010 ADAAG §§ 603 and 603.3.

j. Provide paper towel dispenser at the correct height above the finished floor in compliance with ADAAG §§ 606, 606.1 and 308.

**Hotel Registration**

k. Provide counter heights not exceeding 36 inches making it possible to service a person with a disability in compliance with 2010 ADAAG §§904, 904.4, 904.4.1, 404.4.2, 305 and 306.

l. Provide operable parts that are functional or are in the proper reach ranges as required for a person with a disability in compliance with ADAAG §§ 309, 309.1, 309.3, 309.4 and 308.